UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

TUESDEY D.-B.,                          )
                                        )
            Plaintiff                   )
                                        )
v.                                      )   No. 1:18-cv-00215-NT
                                        )
ANDREW M. SAUL,                         )
Commissioner of Social Security,[1]     )
                                        )

## REPORT AND RECOMMENDED DECISION[2]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing past relevant work as a cashier and telephone sales service representative and, in the alternative, other work in the national economy. The plaintiff seeks remand on the bases that the ALJ erred in (i) failing to assess the severity of her complex regional pain syndrome ("CRPS") at Step 2, (ii) relying on the opinion of an agency nonexamining consultant that predated her diagnosis of CRPS, (iii) failing to weigh the opinion of a treating source who assessed more restrictive limitations, (iv) finding no medically determinable impairment of migraine headaches, (v) failing to assess limitations resulting from her severe carpal tunnel syndrome ("CTS"), and (vi) relying on vocational testimony predicated on the resulting invalid residual functional capacity

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

("RFC") determination. *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 11) at 1, 3-12. I find no reversible error and, accordingly, recommend that the court affirm the commissioner's decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through September 30, 2016, Finding 1, Record at 13; that she had the severe impairments of soft tissue sarcoma (leiomyosarcoma) of the right upper extremity status post excision (2013) with neuropathic pain, a history of right CTS status post release (2012), and degenerative disc disease of the lumbar spine, Finding 3, *id.*; that she had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she could occasionally climb ladders, ropes, and scaffolds, occasionally crawl, and occasionally reach overhead, Finding 5, *id.* at 16; that she was capable of performing past relevant work as a cashier and telephone sales service representative, which did not require the performance of work-related activities precluded by her RFC, Finding 6, id. at 19; that, in the alternative, considering her age (41 years old, defined as a younger individual, on her alleged onset date of disability, February 14, 2013), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, *id.* at 19-20; and that she, therefore, had not been disabled from February 14, 2013, her alleged onset date of disability, through the date of the decision, August 7, 2017, Finding 7, *id.* at 21. The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. §§ 404.1520(f), 416.920(f); Social Security Ruling 82-62 ("SSR 82-62"), reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 813.

In the alternative, the ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Yuckert*, 482 U.S. at 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Failure To Recognize CRPS as Severe

The plaintiff first asserts that the ALJ erred in failing even to consider whether she had a severe impairment of CRPS, a condition first suspected in November 2016. *See* Statement of Errors at 3-4 (citing Record at 946-47, 953, 975, 978). However, as the commissioner observes,

*see* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 14) at 3-4, in so arguing, the plaintiff overlooks the fact that the ALJ declined to admit Exhibit 17F, which contains the cited evidence, on the basis that the plaintiff had failed either to submit it at least five days prior to the scheduled hearing date as required by 20 C.F.R. §§ 404.935 and 416.1435 or to argue that she met any recognized exception to that so-called "five-day rule[,]" *see* Record at 11, 381-82, 946-47, 953, 975, 978. Absent a gateway argument that the ALJ erred in declining to admit the evidence at issue, remand is unwarranted on the basis of this point of error.[3]

### B. Reliance on Agency Nonexamining Consultant

The plaintiff next contends that the ALJ erred in relying on the opinion of an agency nonexamining consultant, Benjamin Weinberg, M.D., that predated her diagnosis of CRPS. *See* Statement of Errors at 4-6. This point hinges on the success of the first, and founders for the same reason.

### C. Errors in Assessing RFC

The plaintiff next asserts that the ALJ's failure to weigh an opinion from treating physician Kendra Emery, D.O., improper rejection of her diagnosis of migraine headaches, and omission of any limitations attributable to her severe CTS impairment undermined her RFC determination, warranting remand. *See id*. at 6-11. I find no reversible error.

### 1. Handling of Emery Opinion

On August 4, 2015, Dr. Emery completed a form titled "Medical Release/Physician's Statement" in conjunction with the plaintiff's application for benefits from the Maine Department

---

[3] At oral argument, the plaintiff's counsel asserted for the first time that the ALJ had erred in excluding the evidence at issue. However, he acknowledged that the point was not raised in the statement of errors. Accordingly, it is waived. *See, e.g., Farrin v. Barnhart*, No. 05-144-P-H, 2006 WL 549376, at *5 (D. Me. Mar. 6, 2006) (rec. dec., *aff'd* Mar. 28, 2006) ("Counsel for the plaintiff in this case and the Social Security bar generally are hereby placed on notice that in the future, issues or claims not raised in the itemized statement of errors required by this court's Local Rule 16.3(a) will be considered waived and will not be addressed by this court.") (footnote omitted).

of Health and Human Services. *See* Record at 877-78. She checked a box indicating that the plaintiff's "disability is not permanent and is expected to last more than 6 months[,]" left a section on "activity restrictions" blank, explaining, "do not do functional testing[,]" and checked a box "No" in answer to the following:

> Individuals with employment limitations may still be assigned to complete community work in an office environment with little physical strain or demand (answering phones, filing while seated, etc.). Others may be assigned to complete employment related activities in a classroom setting. In your opinion, can this individual participate in activities of this nature?

*Id*. at 877.[4]

> The ALJ addressed this opinion as follows:
>
> I also note that primary care provider Dr. Emery completed an assessment in August 2015, in which she characterized the [plaintiff]'s leiomyosarcoma as non-permanent, and where the doctor declined to assess any physical parameters, stating that she does "not do functional testing." Indeed, no treating provider has put forth the opinion that the [plaintiff] is unable to work because of medical issues.

*Id.* at 19 (citation omitted).

The plaintiff complains that the ALJ ignored Dr. Emery's outcome-determinative opinion that she "lacked the ability to perform even sedentary work, *e.g.*, 'community work in an office environment with little physical strain or demand (answering phones, filing while seated, etc.).'" Statement of Errors at 6-7 (quoting Record at 877). The commissioner rejoins that this opinion, as well as Dr. Emery's opinion that the plaintiff had a disability lasting longer than six months, were opinions on the ultimate question of whether the plaintiff was disabled, which are not entitled to "'any special significance'" even if offered by a treating source. Opposition at 9 (quoting 20

---

[4] The section on activity restrictions called for the provider to check boxes indicating the maximum number of hours per workday that the individual could sit, stand, walk, climb, kneel/squat, bend/stoop, push/pull, keyboard, lift/carry, and perform other (fill in the blank) activities. *See* Record at 877.

C.F.R. §§ 404.1527(d)(3), 416.927(d)(3)).[5] As the commissioner notes, *see id*. at 9-10, this court has held that an ALJ's failure to address an opinion on an issue reserved to the commissioner "can only be harmless error," *Johnson v. Colvin*, Civil No. 1:13-cv-406-DBH, 2014 WL 5394954, at *3 (D. Me. Oct. 21, 2014). *See also, e.g.*, *Brown v. Berryhill*, No. 1:17-cv-00196-JAW, 2018 WL 1891572, at *4 (D. Me. Apr. 20, 2018) (rec. dec., *aff'd* May 9, 2018) ("[T]he failure of an [ALJ] to adopt a treating medical source's opinion on an issue reserved to the commissioner cannot, standing alone, provide the basis for remand.") (citation and internal quotation marks omitted).

At oral argument, the plaintiff's counsel disputed that Dr. Emery's opinion that his client could not perform work in an office with little physical strain or demand constituted an opinion on an issue reserved to the commissioner, contending that it was sufficiently specific that it had to be considered. He analogized this case to *Caudle v. Colvin*, No. 1:15-cv-201-JHR, 2016 WL 1734074 (D. Me. Apr. 29, 2016), in which this court held remand warranted when an ALJ failed to explain whether he credited a material portion of an agency examining consultant's opinion.

The commissioner has the better argument.

An opinion that a claimant cannot perform even sedentary work is, at base, an opinion that a claimant is disabled: it speaks not to the question of what the claimant can still do despite her impairments but, rather, whether she is capable of working at all. *See, e.g., Burton v. Berryhill*, No. 3:16-CV-240-CCS, 2018 WL 327763, at *5 (E.D. Tenn. Jan. 8, 2018) (rejecting argument that ALJ should have deferred to limitations assessed by treating physician who "did not render any functional limitations or restrictions on the Plaintiff's ability to perform work-related activities"

---

[5] I quote from the regulations in effect at the time of the issuance of the ALJ's decision. *See* Record at 21. Those regulations were superseded as to claims filed on or after March 27, 2017, by 20 C.F.R. §§ 404.1520c and 416.920c, pursuant to which the commissioner no longer "defer[s] or give[s] any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c, 416.920c.

but, instead, "made conclusory findings that the Plaintiff is 'disabled and unable to do 'past work,'' is 'Totally Disabled,' and cannot perform 'Sedentary Work'"); *Shope v. Comm'r of Soc. Sec.*, CASE NO. 1:16-cv-01842, 2017 WL 2935665, at *13 (N.D. Ohio July 10, 2017) ("the ALJ properly concluded that [treating physician's] opinion that [the claimant] could only perform less than 6 hours of sedentary work per day amounted to a determination reserved to the Commissioner and therefore would not be entitled to controlling weight").[6]

*Caudle* is distinguishable in that, there, remand turned not on whether a treating source had rendered an opinion on an issue reserved to the commissioner but, rather, whether an ALJ's error in assessing a mental limitation seemingly unsupported by any expert opinion was harmless. *See Caudle*, 2016 WL 1734074, at *6 (observing that if the ALJ "credited, even to some extent, [the agency examining consultant's] opinion that the plaintiff's anxiety impacted her memory and ability to concentrate as well as her social functioning, his assessment was not more favorable than the record supported").

Remand, accordingly, is unwarranted on the basis of the ALJ's handling of the Emery opinion.

### 2. Handling of Migraine Headaches

The plaintiff next asserts that the ALJ erred in determining that she had no medically determinable migraine headache impairment. *See* Statement of Errors at 8-10. The commissioner counters that this determination, as well, was supported by substantial evidence. *See* Opposition at 11-15. I agree.

---

[6] That Dr. Emery expressed what amounted to an opinion that the plaintiff was disabled is further borne out by the stated purpose of the form: "The patient named above has applied for benefits with our agency. Federal and state regulations require that persons receiving benefits work or participate in activities to prepare them for work unless they are physically or mentally incapable of working. This patient claims that disability. Please complete the appropriate parts." Record at 877.

7

The ALJ found that, "[a]s to professed headaches":

> Dr. Emery referenced the [plaintiff]'s reports of same in July of 2016, but there is not a sufficient diagnosis of migraine per Agency requisites. That is, the record does not contain a doctor's detailed description of a typical headache event, with more than moderate pain and all associated migraine characteristics and phenomena, with diagnosis made after the [plaintiff]'s history and neurological and other appropriate examinations ruled out other possible disorders. At hearing, the [plaintiff] indicated that MaineCare has agreed to allow her to have a brain CT scan to look for a mechanical origin, yet to date, there is insufficient evidence to establish headaches at a level adversely affecting her ability to attend and concentrate on work activity. Migraine is therefore non-severe.

Record at 14 (citations omitted).

The plaintiff complains that, in so finding, the ALJ improperly substituted her own lay judgment for that of Dr. Emery, arguing that, "[c]ontrary to the ALJ's statement, there is no regulatory requirement that [the plaintiff] establish anything more than that she suffers from severe headaches, diagnosed by her treating physicians as migraines[.]" Statement of Errors at 9. She cites *Ormon v. Astrue*, 497 F. App'x 81, 86-87 (1st Cir. 2012), for the proposition that, "if the treating physician accepted the pain as credible and treated it, it was not for the lay ALJ to gainsay that conclusion[.]" *Id*.

For several reasons, this argument is unavailing.

First, as the commissioner notes, *see* Opposition at 14, much of the evidence cited in support of this point is not cognizable on appeal. It is either part of Exhibit 17F or of a separate set of documents submitted on the same day that the ALJ also declined to admit pursuant to the "five-day rule." *See* Statement of Errors at 8-9 & n.3 (citing Record at 36-39, 933, 938-39, 942-43, 946-47); *see also* Record at 11, 35, 381-82. For the reasons discussed above, the plaintiff has waived any argument that the ALJ erred in failing to admit those documents.

Second, the remaining cited records reveal only a complaint to Dr. Emery in November 2014 of worsening headaches and photophobia, with Dr. Emery diagnosing chronic headaches and

8

noting that she discussed the importance of hydration, stress avoidance, and sleep, *see* Record at 586-87, a complaint to Dr. Emery in July 2016 of migraine headaches and nausea, although at that visit Dr. Emery neither diagnosed migraines nor noted treatment for them, *see id*. at 902-04, and the plaintiff's testimony at hearing concerning the impact of her migraine headaches, *see id.* at 63-64. The ALJ supportably found that this evidence did not suffice to establish a medically determinable impairment of migraine headaches. *See, e.g*., Social Security Ruling 96-7p, reprinted in *West's Social Security Reporting Service*, Rulings 1983-1991 (Supp. 2018) ("SSR 96-7p"), at 132 ("No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms.").

Third, and finally, *Ormon* is distinguishable, involving a challenge to an ALJ's dismissal of a claimant's subjective complaints of pain stemming from medically determinable impairments. *See Ormon*, 497 F. App'x at 86-87.

Remand, accordingly, is unwarranted on the basis of this point of error.

### 3. Handling of CTS Impairment

The plaintiff next argues that the ALJ erred in (i) finding a severe right CTS impairment and posing resulting limitations to the vocational expert ("VE") present at her hearing but omitting them from her RFC determination and (ii) ignoring her left CTS symptoms altogether. *See* Statement of Errors at 10-11.

As the commissioner counters, *see* Opposition at 16, the plaintiff fails to demonstrate prejudicial error. As concerns the ALJ's failure to find a severe left CTS impairment, "an error at Step 2 is uniformly considered harmless, and thus not to require remand, unless the plaintiff can

9

demonstrate how the error would necessarily change the outcome of the plaintiff's claim." *Bolduc v. Astrue*, Civil No. 09-220-B-W, 2010 WL 276280, at *4 n.3 (D. Me. Jan. 19, 2010). The plaintiff identifies no limitations that should have been assessed as a result of her left CTS. *See* Statement of Errors at 10-11.

Any error in failing to assess limitations to account for the plaintiff's severe right CTS is likewise harmless because the ALJ relied at Step 4 on the plaintiff's ability to perform her past relevant work as a telephone services sales representative, Dictionary of Occupational Titles (U.S. Dep't of Labor 4th ed., rev. 1991) ("DOT"), § 253.257-010, *see* Finding 6, Record at 19, a job that the VE testified could be performed by an individual limited to no more than occasional reaching, twisting, and grasping with the right dominant hand, *see id.* at 73-74, DOT § 253.257-010.[7]

### D. Challenge to Reliance on VE's Testimony

The plaintiff's final point, that the ALJ relied on VE testimony predicated on an invalid RFC, *see* Statement of Errors at 11-12, hinges on the success of her prior ones. Her failure to demonstrate reversible error in those respects is fatal to her bid for remand on this basis.

### II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

***A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum,***

---

[7] At oral argument, the plaintiff's counsel contended that the ALJ's reliance on the telephone service sales representative job was misplaced because the VE had mischaracterized it. However, as counsel for the commissioner rejoined, this argument is waived on either of the separate bases that the plaintiff failed to raise it before the ALJ, *see Mills v. Apfel,* 244 F.3d 1, 8 (1st Cir. 2001) (affirming ruling that claimant waived objection by failing to raise it before the ALJ; observing that "a no-waiver approach . . . at the ALJ level . . . could cause havoc, severely undermining the administrative process"), or to include it in her statement of errors, *see Farrin*, 2006 WL 549376, at *5.

*within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 6th day of August, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge