# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| TUESDEY D.-B., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 2:18-CV-215-NT |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE RECOMMENDED
## DECISION OF THE MAGISTRATE JUDGE

On August 6, 2019, the United States Magistrate Judge filed with the court, with copies to the parties, his Recommended Decision. Recommended Decision (ECF No. 18). The Plaintiff filed an objection to the Recommended Decision asserting that the Magistrate Judge erred by not reaching the issue of whether the administrative law judge ("**ALJ**") erred in failing to assess the severity of the Plaintiff's complex regional pain syndrome ("**CRPS**"). (ECF No. 19). The Commissioner filed a response to the objection. (ECF No. 21). Because of the confusion in the record about whether Exhibit 17F was admitted by the ALJ into the administrative record, I will specifically address the Plaintiff's objections to the Report and Recommended Decision related to CRPS and Exhibit 17F.

**Procedural Background**

The ALJ held a hearing on the Plaintiff's disability claims on November 8, 2016. R. 10.[1] After the initial hearing, the ALJ solicited additional vocational

---

1    Citations to "R. __" refer to the page numbers of the consecutively-paginated administrative

information in writing from the vocational expert with respect to three job titles for a hypothetical individual with the Plaintiff's residual function capacity ("**RFC**"). R. 10, R. 75-77. In response to the ALJ's November 11, 2016, request, the vocational expert provided the three job titles. R. 373, Exhibit 20E. Thereafter, the ALJ gave the Plaintiff the opportunity to respond to the new vocational evidence. R. 374-75, Exhibit 21E. The Plaintiff requested a supplemental hearing on the new vocational evidence. R. 377, Exhibit 22E. The ALJ scheduled a supplemental hearing for July 18, 2017.

In advance of the supplemental hearing, on June 15, 2017, the Plaintiff submitted to the ALJ Exhibit 17F, which is described in the medical record exhibit list as "55 pages" of medical records from "Franklin Health Farmington Family Practice dated 10/14/2016 to 06/02/17." Exhibit 17F actually consists of 47 pages of medical records from Franklin Health Farmington Family Practice dated 10/14/2016 to 06/12/17, R. 928-974, four pages of medical records from Mercy Pain Center dated 5/11/2017, R. 975-78, a one-page cover sheet for prospective patients from Central Maine Gastroenterology dated 12/5/2016, R. 979, and a three-page Maine Prescription Monitoring Program patient report dated 5/31/2017, 980-982. R. 928-82, Exhibit 17F.[2]

---

record, available at ECF Nos. 9-1 to 9-9.

2    On July 14, 2017, the Plaintiff submitted to the ALJ, four pages of medical records from MaineGeneral Neurology dated 6/6/2017. R. 35-39. Also, on July 14, 2017, under separate cover, the Plaintiff submitted to the ALJ four pages of medical records from Mercy Pain Center dated 5/11/2017. (ECF No. 22-2). The Mercy Pain Center document dated 5/11/2017 appears to be the same as the Mercy Pain Center record submitted with the Franklin Health Farmington Family Practice medical records on June 15, 2017 as Exhibit 17F. The ALJ did not admit the medical records that were submitted on July 14, 2017, less than 5 days before the July 18, 2017 supplemental hearing. R. 11 ("The claimant submitted additional written evidence in the form of two documents less than five business days before the scheduled hearing date. I decline to admit this evidence because the requirements of 20 CFR §§ 404.935(b) and 416.1435(b) are not met. Although counsel referenced this material in his brief (Exhibit 25E), he made no offer at the hearing as to why they should be accepted into the record (testimony).").

2

The ALJ presided over the supplemental hearing on July 18, 2017. At the supplemental hearing, the Plaintiff's attorney requested that the ALJ conduct, in part, a *de novo* hearing because the vocational expert who provided the supplemental three job titles was unavailable and the vocational expert witness who was present to testify was not present at the prior hearing to hear the Plaintiff's testimony. R. 10, 82-85. While noting his objection, the ALJ denied the Plaintiff's request. R. 10, 86. The ALJ explained that "the request is repetitive, since the initial November 2016 hearing was essentially complete, and where the supplementary hearing was held solely to address specific vocational matters per counsel's request, which [the Plaintiff's attorney] acknowledged at hearing." R. 10, R. 81-86. The ALJ explained to the Plaintiff's counsel at the supplemental hearing that his underlying premise—that vocational expert would need to hear the Plaintiff's testimony in order to render an opinion—was incorrect. R. 10-11. The ALJ reminded the Plaintiff's attorney that agency regulations instruct that a vocational expert may provide analysis of job-related capacity based upon hypothetical situations. R. 11 (citing 20 CFR §§ 404.1560, 404.1566, and 416.966), R. 84. The ALJ explained that a vocational expert does not make a finding or a determination based upon a claimant's testimony or upon their subjective assertion of function. R. 11. Furthermore, since the vocational expert testifying at the supplemental hearing had full access to all necessary evidence regarding the claimant's past work, the ALJ rejected counsel's request to have the Plaintiff retestify. R. 11. At the supplemental hearing, the ALJ made clear that the Plaintiff's work history did not need to be revisited or reclassified. R. 86. Thereafter, the vocational expert provided testimony on whether someone with the Plaintiff's

RFC and restrictions could do the work necessary of someone in the three occupations identified by the vocational expert after the initial hearing. R. 86-93.

The ALJ issued her decision on August 7, 2017, finding that the Plaintiff was not disabled under the SSD or SSI provisions of the Social Security Act. The Plaintiff appealed. Both in his brief and at oral argument before the Magistrate Judge, the Commissioner indicated that Exhibit 17F was not admitted by the ALJ.[3] At oral argument, the Plaintiff also specifically told the Magistrate Judge that Exhibit 17F was not admitted, and the Plaintiff contended that the ALJ's failure to admit the exhibit was error because Exhibit 17F contained medical evidence that was relevant to the Plaintiff's CPRS. The Magistrate Judge held that "[a]bsent a gateway argument that the ALJ erred in declining to admit the evidence at issue, remand is unwarranted on the basis of this point of error." Report and Recommendation 4. In addition, the Magistrate Judge noted that because the Plaintiff asserted, for the first time at oral argument, "that the ALJ had erred in excluding the evidence [in Exhibit 17F]" and acknowledged that the issue was not raised in the statement of errors, the issue regarding the admission of Exhibit17F was waived. Report and Recommendation 4, n.3.

**Discussion**

The Plaintiff's objection to the Recommended Decision primarily asserts that the Magistrate Judge erred by not deciding the merits of whether the ALJ mistakenly

---

3   The Commissioner's position that the ALJ did not admit Exhibit 17F seems to be based, at least in part, on his understanding that the supplemental hearing was limited to only vocational matters. Because the medical portion of the record was closed after the initial hearing in November 2016, the Commissioner took the position that the medical records submitted in June 2017 were beyond the scope of the supplemental hearing and untimely.

4

failed to assess the severity of the Plaintiff's CRPS and failed to consider Exhibit 17F.[4] I disagree that there was any error. The ALJ did consider the severity of the Plaintiff's CRPS as well as the medical records in Exhibit 17F that were relevant to CRPS.

Both parties erred in representing to the Magistrate Judge that Exhibit 17F was not admitted. First, Exhibit 17F was listed as one of the medical record exhibits in the administrative record, and the ALJ did not specifically exclude it. Second, it is apparent from the administrative record that the ALJ considered the very medical documents at issue—the Mercy Pain Center records—and concluded that the possible diagnosis of CRPS contained therein did not document any additional functional impairment aside from what was already found in the RFC. In her decision, the ALJ acknowledged the medical records referencing CRPS, explaining that "I recognize counsel's reference to data from Mercy Hospital in May 2017 indicative of a possibility of complex regional pain syndrome, or CRPS in the right arm."[5] R. 18. The ALJ added, "[h]owever, I have already acknowledged neuropathic pain in the right upper extremity and that pain is stable." R. 18. Earlier, the ALJ noted that medical records described the Plaintiff's right arm condition as "stable" in the summer of 2015, and that she had not returned to see pain specialist Daniel Lalonde, M.D., since October 2015. R. 18. A diagnosis alone does not establish that an impairment is severe, *Brown v. Colvin*, No. 13-473, 2015 WL 58396, at *2 (D. Me. Jan. 5, 2015), or causes any

---

4     The Plaintiff's current position—that Exhibit 17F was admitted by the ALJ—is the opposite of what she told the Magistrate Judge.

5     The ALJ was referencing the Mercy Pain Center medical record dated 5/11/2017 that was included in Exhibit 17F. A duplicative Mercy Pain Center record dated 5/11/2017 was excluded because it was submitted on July 14, 2017.

5

particular limitations. *Dowell v. Colvin*, No. 13-00246, 2014 WL 3784237, at *3 (D. Me. July 31, 2014). Here, the Plaintiff has not demonstrated that even if a diagnosis of CRPS was warranted, it would result in additional limitations not found by the ALJ.[6]

I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision. I concur with the recommendations of the United States Magistrate Judge. It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **ADOPTED** and the Commissioner's Decision is **AFFIRMED**.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 23rd day of September, 2019

---

[6] Further, even if the ALJ had not considered the medical records in Exhibit 17F, there would have been no error. I agree with the Commissioner's position that the supplemental hearing was limited to vocational matters, that the Plaintiff's counsel did not request to open the hearing to include additional medical evidence, and that the ALJ was therefore not required to consider Exhibit 17F.